**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**SAMUEL & STEIN**
Michael Samuel (MS 7997)
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884
michael@samuelandstein.com

*Attorneys for Plaintiff and individuals*
*similarly situated*

| | |
|---|---|
| Evelyn Minier, on behalf of herself and all others similarly situated | |
| Plaintiff, | DOCKET NO. 16-cv-6851 |
| - vs. – | **COMPLAINT** |
| El Nuevo Portal Restaurant, Inc. d/b/a El Nuevo Portal Restaurant, Pasqual Baez, Juana Vargas, and Juanita Baez, | |
| Defendants. | |

Plaintiff Evelyn Minier, by and through her undersigned attorneys, for her complaint against Defendants El Nuevo Portal Restaurant, Inc., d/b/a El Nuevo Portal Restaurant, Pasqual Baez, Juana Vargas, and Juanita Baez, alleges as follows:

**NATURE OF THE ACTION**

1.      Plaintiff Evelyn Minier alleges that she is entitled to: (i) unpaid wages from Defendants for overtime work for which she did not receive overtime premium pay as required by law; and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, because Defendants' violations lacked a good faith basis.

2.      Ms. Minier further complains that she is entitled to (i) compensation for wages paid at less than the statutory New York minimum wage; (ii) back wages for

overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq.* and the supporting New York State Department of Labor regulations; (iii) compensation for Defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) compensation for Defendants' violation of the Wage Theft Prevention Act; and (v) liquidated damages pursuant to New York Labor Law for these violations.

## THE PARTIES

3.      Plaintiff Evelyn Minier is an adult individual residing in Brooklyn, New York.

4.      Ms. Minier consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b); her written consent is attached hereto and incorporated by reference.

5.      Upon information and belief, Defendant El Nuevo Portal Restaurant, Inc. is a New York corporation that operates El Nuevo Portal Restaurant, with a principal place of business at 217 Smith St, Brooklyn, New York 11201.

6.      At all relevant times, Defendant El Nuevo Portal Restaurant has been, and continues to be, an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

7.      Upon information and belief, at all relevant times, Defendant El Nuevo Portal Restaurant has had gross revenues in excess of $500,000.00.

8.      Upon information and belief, at all relevant times herein, Defendant El Nuevo Portal Restaurant has used goods and materials produced in interstate commerce, and has employed at least two individuals who handled such goods and materials.

2

9.      Upon information and belief, at all relevant times, Defendant El Nuevo Portal Restaurant has constituted an "enterprise" as defined in the FLSA.

10.     Upon information and belief, Defendant Pasqual Baez is an owner or part owner and principal of El Nuevo Portal Restaurant, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

11.     Defendant Pasqual Baez is involved in the day-to-day operations of El Nuevo Portal Restaurant and plays an active role in managing the business.

12.     Upon information and belief, Defendant Juana Vargas is an owner or part owner and principal of El Nuevo Portal Restaurant, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

13.     Defendant Juana Vargas is involved in the day-to-day operations of El Nuevo Portal Restaurant and plays an active role in managing the business.

14.     Upon information and belief, Defendant Juanita Baez is an owner or part owner and principal of El Nuevo Portal Restaurant, who has the power to hire and fire employees, set wages and schedules, and maintain their records.

15.     Defendant Juanita Vargas was involved in the day-to-day operations of El Nuevo Portal Restaurant and played an active role in managing the business.

16.     Defendants constituted "employers" of Ms. Minier as that term is used in the Fair Labor Standards Act and New York Labor Law.

## JURISDICTION AND VENUE

17.     This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

18.     Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

19.     Pursuant to 29 U.S.C. § 206 and § 207, Plaintiff seeks to prosecute her FLSA claims as a collective action on behalf of herself and a collective defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since December 12, 2013, to the entry of judgment in this case (the "Collective Action Period"), who were non-exempt employees within the meaning of the FLSA, and who were not paid overtime compensation at rates not less than one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

20.     The Collective Action Members are similarly situated to Plaintiff in that they were employed by Defendants as non-exempt construction workers, and were denied proper minimum wages and overtime premiums for hours worked beyond forty hours in a week.

21.     They are further similarly situated in that Defendants had a policy and practice of knowingly and willfully refusing to pay them proper minimum wages and overtime.

22.     Plaintiff and the Collective Action Members perform or performed similar or the same primary duties, and were subjected to the same policies and practices by Defendants.

23.     The exact number of such individuals is presently unknown, but is known by Defendants and can be ascertained through appropriate discovery.

## FACTS

24.     At all relevant times herein, Defendants owned and operated a restaurant in Brooklyn.

25.     Ms. Minier has been employed by Defendants from approximately February 2010 through September 2012, and again from January 2014 until the present.

26.     Ms. Minier works as a waitress, and answers the restaurant's phone.

27.     Ms. Minier's work is performed in the normal course of Defendants' business and was integrated into the business of Defendants, and did not involve executive or administrative responsibilities.

28.     At all relevant times herein, Ms. Minier was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

29.     Ms. Minier has always worked for Defendants four days per week.

30.     On Tuesdays, Wednesdays and Fridays, Ms. Minier works from 3:00 P.M. to 11:00 P.M.

31.     Until June 2016, Ms. Minier also worked on Thursdays from 3:00 P.M. to 11:00 P.M., and on Saturdays from 7:00 A.M. to 3:00 P.M.

32.     As of June 2016, Ms. Minier no longer works on Saturdays, and instead works a double shift on Sundays from 7:00 A.M. to 11:00 P.M.

33.     As a result, Ms. Minier's regular schedule is 40 hours per week. However, she worked approximately 18 overtime hours per month throughout her employment, except for the year 2015, when she worked approximately 24 overtime hours per month.

34.     Defendants did not provide a time clock, sign in sheet, or any other method for employees to track their time worked.

35.     Ms. Minier was paid a weekly salary during her employment with Defendants, with her pay not varying regardless of the precise number of hours that she worked that week.

36.     When Ms. Minier began her employment with Defendants in 2010, her weekly pay was $250. When she returned to work for Defendants in 2014, her pay was raised to $255 per week.

37.     As a result, her effective rate of pay was always below the statutory state and federal minimum wages in effect at relevant times.

38.     Defendants' failure to pay Ms. Minier an amount at least equal to the minimum wages in effect during all relevant time periods was willful, and lacked a good faith basis.

39.     Ms. Minier was paid by cash throughout her employment, and received no paystubs or wage statements with her pay.

40.     In addition, Defendants failed to pay Ms. Minier any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

41.     Defendants' failure to pay Ms. Minier the overtime bonus for overtime hours worked was willful, and lacked a good faith basis.

42.     From 2014 until the present, Ms. Minier has worked one shift per week that lasts in excess of ten hours from start to finish, yet Defendants willfully failed to pay her one additional hour's pay at the minimum wage for each such day she works shifts lasting

longer than ten hours, in violation of the New York Labor Law and the supporting New York State Department of Labor regulations.

43.    Defendants failed to provide Ms. Minier with written notices providing the information required by the Wage Theft Prevention Act – including, *inter alia*, Defendants' contact information, Plaintiff's regular and overtime rates, and intended allowances claimed – and failed to obtain her signature acknowledging the same, upon her hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

44.    Defendants failed to provide Ms. Minier with weekly records of her compensation and hours worked, in violation of the Wage Theft Prevention Act.

**COUNT I**

**(Fair Labor Standards Act – Minimum Wage)**

45.    Plaintiff, on behalf of herself and all Collective members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

46.    At all relevant times, Defendants employed Ms. Minier within the meaning of the FLSA.

47.    Defendants failed to pay compensation greater than the statutory minimum wage to Ms. Minier for all hours worked.

48.    As a result of Defendants' failure to compensate Ms. Minier at a rate at least equal to the federal minimum wage for each hour worked, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 206.

49.    The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

50.     Due to Defendants' FLSA violations, Ms. Minier is entitled to recover from Defendants her unpaid compensation plus liquidated damages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT II

### (Fair Labor Standards Act - Overtime)

51.     Plaintiff, on behalf of herself and all Collective members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

52.     At all relevant times, Defendants employed Ms. Minier within the meaning of the FLSA.

53.     At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

54.     As a result of Defendants' willful failure to compensate Ms. Minier at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, Defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

55.     The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

56.     Due to Defendants' FLSA violations, Ms. Minier is entitled to recover from Defendants her unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

## COUNT III

### (New York Labor Law – Minimum Wage)

57.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

58.     At all relevant times, Ms. Minier was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

59.     Defendants willfully violated Ms. Minier's rights by failing to pay her compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

60.     Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

61.     Due to Defendants' New York Labor Law violations, Ms. Minier is entitled to recover from Defendants her unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT IV

### (New York Labor Law - Overtime)

62.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

63.     At all relevant times, Ms. Minier was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

9

64.    Defendants willfully violated Ms. Minier's rights by failing to pay her overtime compensation at rates at least one-and-one-half times her regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

65.    Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

66.    Due to Defendants' New York Labor Law violations, Ms. Minier is entitled to recover from Defendants her unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT V

### (New York Labor Law – Spread of Hours)

67.    Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

68.    At all relevant times, Ms. Minier was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

69.    Defendants willfully violated Ms. Minier's rights by failing to pay her an additional hour's pay at the minimum wage for each day she worked a shift lasting longer than ten hours, in violation of the New York Labor Law §§ 650 *et seq.* and its regulations in 12 N.Y.C.R.R. § 146-1.6.

70.    Defendants' failure to pay the "spread of hours" premium was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

71.     Due to Defendants' New York Labor Law violations, Ms. Minier is entitled to recover from Defendants her unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

## COUNT VI

### (New York Labor Law – Wage Theft Prevention Act)

72.     Plaintiff repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

73.     At all relevant times, Ms. Minier was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

74.     Defendants willfully violated Ms. Minier's rights by failing to provide her with the wage notices required by the Wage Theft Prevention Act when she was hired, or at any time thereafter.

75.     Defendants willfully violated Ms. Minier's rights by failing to provide her with weekly wage statements required by the Wage Theft Prevention Act at any time during her employment.

76.     Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Ms. Minier is entitled to recover from Defendants statutory damages of $100 per week through February 26, 2015, and $250 per day from February 27, 2015 through the end of her employment, up to the maximum statutory damages.

77.     Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Ms. Minier is entitled to recover from Defendants statutory

damages of $50 per week through February 26, 2015, and $50 per day from February 27, 2015 to the termination of her employment, up to the maximum statutory damages.

## **PRAYER FOR RELIEF**

WHEREFORE, Ms. Minier respectfully requests that this Court grant the following relief:

a.   A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b.   An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c.   A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d.   Compensatory damages for failure to pay the minimum wage pursuant to the New York Labor Law;

e.   An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

f.   Compensatory damages for failure to pay the "spread of hours" premiums required by New York Labor Law;

g.   Liquidated damages for Defendants' New York Labor Law violations;

h.      Statutory damages for Defendants' violations of the New York Wage

Theft Prevention Act;

i.      Back pay;

j.      Punitive damages;

k.      An award of prejudgment and post-judgment interest;

l.      An award of costs and expenses of this action together with reasonable

attorneys' and expert fees; and

m.      Such other, further, and different relief as this Court deems just and

proper.


Dated:  December 12, 2016


/s/ *Michael Samuel*
Michael Samuel, Esq.
SAMUEL & STEIN
38 West 32nd Street
Suite 1110
New York, New York 10001
(212) 563-9884

*Attorneys for Plaintiff*

**EXHIBIT A**

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf to contest the failure of **El Nueva Portal**. and its owners and affiliates to pay me, *inter alia*, minimum wage and overtime wages as required under state and/or federal law and also authorize the filing of this consent in the lawsuit challenging such conduct, and consent to being named as a representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning all aspects of this lawsuit.  I have been provided with a copy of a retainer agreement with the law firm of Samuel & Stein, and I agree to be bound by its terms.

Con mi firma abajo, autorizo la presentación y tramitación de reclamaciones en mi nombre y de mi parte para impugnar el fallo de **El Nueva Portal**. y sus propietarios y afiliados a me pagan, entre otras cosas, el salario mínimo y pago de horas extras, requerida en el estado y / o la ley federal y también autorizan la presentación de este consentimiento en la demanda contra ese tipo de conducta, y el consentimiento para ser nombrado como demandante representante en esta acción para tomar decisiones en nombre de todos los demás demandantes en relación con todos aspectos de esta demanda. Se me ha proporcionado una copia de un acuerdo de retención con la firma de abogados de Samuel y Stein, y estoy de acuerdo en estar obligado por sus términos..

_Evelyn Minier_
Evelyn Minier


Date:  December 8, 2016